Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
02/26/2026
CT Log Number 551482237

## Service of Process Transmittal Summary

EXHIBIT
1

**TO:** Jared Hight, Back-End Developer
Pets Best Insurance
965 KELLER RD
ALTAMONTE SPRINGS, FL 32714-1618

**RE:** **Process Served in Virginia**

**FOR:** Pets Best Insurance Services, LLC (Domestic State: ID)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WILLIAM HAMPTON vs. PETS BEST INSURANCE SERVICES, LLC. |
| **CASE #:** | 013CL2600069900 |
| **PROCESS SERVED ON:** | C T Corporation System, Glen Allen, VA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/26/2026 at 14:54 |
| **JURISDICTION SERVED:** | Virginia |
| **ACTION ITEMS:** | CT will retain the current log<br>Image SOP<br>Email Notification, Jared Hight jared.hight@syf.com<br>Email Notification, Ian Bangachon ian.b@hartvillegroup.com<br>Email Notification, Litigation Team litigation@iphpet.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>4701 Cox Road, Suite 285<br>Glen Allen, VA 23060<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Feb 26, 2026
**Server Name:** Drop Service -Deputy Cone

| | |
|---|---|
| Entity Served | PETS BEST INSURANCE SERVICES, LLC |
| Case Number | CL26000699 |
| Jurisdiction | VA |

| Inserts | | |
|---|---|---|
| | | |

# COMMONWEALTH OF VIRGINIA

ARLINGTON CIRCUIT COURT
Civil Division
1425 NORTH COURTHOUSE RD
ARLINGTON VA
(703) 228-7010

Summons

To: PETS BEST INSURANCE SERVICES
SERVE: CT CORPORATION SYSTEMS
4701 COX ROAD
SUITE 285
GLEN ALLEN VA 23060

Case No. 013CL26000699-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, February 19, 2026

Clerk of Court: PAUL F. FERGUSON

by ______________________________
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. CL26-699
(CLERK'S OFFICE USE ONLY)

Arlington County Circuit Court

William Hampton v./In re: Pets Best Insurance Services, LLC &
PLAINTIFF(S) DEFENDANT(S)
American Pet Insurance Co.

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**
- [ ] Attachment
- [ ] Confessed Judgment
- [✓] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [ ] Other General Tort Liability

## ADMINISTRATIVE LAW

- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

## WRITS

- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare/Create
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

RECEIVED
FEB 13 2026
PAUL FERGUSON, CLERK
Circuit Court Arlington County, VA
by ______ Deputy Clerk

## MISCELLANEOUS

- [ ] Amend Birth/Death Certificate
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Approval of Transfer of Structured Settlement
- [ ] Bond Forfeiture Appeal
- [ ] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of Property or Money
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [✓] Other (please specify) consumer protection act

[X] Damages in the amount of $ 156,436.29 are claimed.

2/10/2026
DATE

[ ] PLAINTIFF [ ] DEFENDANT [X] ATTORNEY FOR [X] PLAINTIFF [ ] DEFENDANT

Jonathan S. Rochkind, Esq.
PRINT NAME

Carluzzo Rochkind & Smith, PC, 9300 West Courthouse Rd
Suite 301, Manassas VA 20110 (703) 361-0776
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

jsr@crslegal.net
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

VIRGINIA:

IN THE CIRCUIT COURT FOR ARLINGTON COUNTY

WILLIAM HAMPTON )
)
Plaintiff )
)
v. )
)
PETS BEST INSURANCE SERVICES, LLC. )
)
Serve: Registered Agent ) Case No: CL26-699
CT Corporation Systems ) **JURY TRIAL DEMANDED**
4701 Cox Road, Suite 285 )
Glen Allen, Virginia 23060 )
)
and )
)
AMERICAN PET INSURANCE CO. )
)
Serve: Registered Agent )
Corporation Service Company )
100 Shockoe Slip, Floor 2 )
Richmond, Virginia 23219-4100 )
)
Defendants )

RECEIVED
FEB 13 2026
PAUL FERGUSON, CLERK
Circuit Court Arlington County, VA
by ____________ Deputy Clerk

**COMPLAINT**

**COMES NOW**, the Plaintiff, William Hampton, (hereinafter, "Plaintiff"), by counsel, and for his claims against the Defendants, Pets Best Insurance Services, LLC ("Pets Best") and American Pet Insurance Co ("American Pet") collectively ("The Defendants"), hereby moves for Judgment against the Defendants, and as grounds states as follows:

1. Plaintiff is a resident of Arlington County with the Commonwealth of Virginia.

2. The Defendant, Pets Best is an active registered stock corporation in the Commonwealth of Virginia.

3. Defendant, American Pet is an active registered stock corporation in the Commonwealth of Virginia

4. On or about July 12, 2023, The Plaintiff entered a contract (hereinafter, "Contract") with the Defendants for ***Best Benefits-Unlimited Annual Limit Pet Insurance*** for his Golden Retriever, Maverick.

5. Plaintiff prior to purchasing the contract with the Defendants did extensive research to find a pet insurance product that was well-rated and had a good reputation for covering treatment for canines.

6. The Pets Insurance Coverage was offered an administered by Defendant, Pets Bests Insurance Services, LLC and was underwritten by Defendant, American Pet Insurance Company.

7. Pursuant to Code § 8.01-262, Arlington County Virginia is the proper venue for this cause of action.

8. The Contract was constructed by Defendant and, as such, Virginia has subject matter jurisdiction to adjudicate this case.

**FACTS:**

9. In February 2024, the Plaintiff's Golden Retriever, Maverick, was diagnosed with High-Grade Stage V, B-Cell Lymphoma.

10. Maverick's primary Veterinary Oncologist, Dr. Amanda Foskett, recommended on Day 1 of his treatment plan to perform a Hematopoietic Stem Cell Transplantation (HSCT), more commonly known as a Bone Marrow Transplant (BMT),

as the medically necessary procedure and only clinically proven curative treatment option for Maverick's cancer.

11. This procedure was successfully performed on Maverick in May-July of 2025 at the Canine Transplant and Apheresis Center (CTAC) in Chattanooga, Tennessee under the care of Veterinary Oncologists, Dr. Steven Suter and Alexandra Gareau.

12. The total bill for the Hematopoietic Stem Cell Transplantation (HSCT) was $180,296.82 and was submitted in increments (invoice #400042, #400049; #400050; #400055; and 400063 in the amounts of $18,337.57, $24,590.99, $49,968.70, $50,160.83, and $37,292.73, respectively) to Defendants for payment under Plaintiff's contract with the Defendants for ***Best Benefits-Unlimited Annual Limit Pet Insurance*** for his Golden Retriever, Maverick.

13. On or about July 3, 2025, Defendants provided a written denial to the Plaintiff alleging that Hematopoietic Stem Cell Transplantation (HSCT) was an Alternative and Holistic Treatment and therefore not covered under their contract for Pet Insurance with the Plaintiff.

14. On July 12, 2025, Defendants further explained that Alternative and Holistic Treatments are non-traditional veterinary treatments used to supplement or enhance conventional care.

15. Plaintiff filed an appeal and provided documentation from Dr. Steven Suter and Dr. Alexandra Gareau stating that Hematopoietic Stem Cell Transplantation (HSCT) is a conventional, evidence based, and widely accepted course of treatment to treat hematopoietic diseases in humans as well as canines. They further explained that the

procedure is neither alternative nor holistic and that, while the HSCT procedure involves the use of cells, the use of specific type of cells (those expressing the CD34+ marker and are responsible for reducing all blood cell types) are not true stem cells and bear no relation to the true stem cells used in regenerative or mesenchymal stem cell therapies derived from adipose or other tissues for orthopedic or inflammatory conditions.

16. In response to Plaintiffs appeal the Defendants attempted to support their denial by retaining a Veterinary Scientist (Dr. Cynthia Brown) who by her own definition was not a Veterinary Oncologist. Dr. Brown concluded that HSCT required the use of stem cells; yet seems to support Dr. Sutters and Dr. Gareau's opinion that HSCT is not alternative and holistic.

17. Said denial was made despite the fact the Defendant Pets Bests has provided literature advising the public that they do cover Bone Marrow Transplant (BMT) procedures for canines.

**COUNT I: BREACH OF CONTRACT**

18. Plaintiff restates the allegations of paragraphs 1 through 17 above, as if fully restated herein.

19. The Contract represents a valid, enforceable agreement between Plaintiff and Defendants.

20. Defendants by the above-described actions, were obligated to perform duties to Plaintiff under the Contract, namely, to cover conventional and accepted treatments to treat hematopoietic diseases in canines (including but limited to treatment received by the Plaintiff's canine, Maverick).

21. Defendants by the above-described actions, violated and/or breached the Contract and/or its duties to Plaintiff.

22. Injuries and/or damage to the Plaintiff were caused by Defendants' breach of Contract.

23. Plaintiff has fully complied and/or substantially complied with their obligations under the Contract.

24. By the above-described actions, Defendants failed to perform fundamental obligations that were essential to the Contract.

25. By the above-described actions and pleading in the alternative to and/or pleading concurrently with some or all other Counts, Defendants breached the Contract.

26. By the above-described actions, and without admitting any breach by Plaintiff, Defendants' breach was the first breach of the Contract.

27. By the above-described actions, Defendants' breach of the Contract was and/or is material.

28. By the above-described actions, Plaintiff reasonably relied on Defendants' promises to perform to Plaintiff's detriment.

29. Plaintiff has suffered damages because of Defendant's breach, in an amount of $156,436.29. This figure reflects the invoiced amount of $180,296.82, less $6,478.72 covered for medications under Invoice #400063 ($5,830.71 reimbursed under the policy and $648.01 attributable to the 10% co-pay).

30. Under the policy terms, the Defendant's are required to pay 90% of the billed amount ($173,818.10) and the Plaintiff is responsible for 10%.

## COUNT II: VIRGINIA CONSUMER PROTECTION ACT

31. Plaintiff restates the allegations of paragraphs 1 through 30 above.

32. By the above-described actions, Defendants engaged in deceptive trade practices and other practices that are prohibited by The Virginia Consumer Protection Act.

33. By the above described actions, the Contract and/or any other transactions between the Plaintiff and Defendant are defined as "consumer transactions" under the Virginia Consumer Protection Act as these activities were for "the advertisement, sale, lease, license or offering for sale, lease or license, of goods or service to be used primarily for personal, family or household purposes" and/or other purposes protected by the statute.

34. By the above-described actions, Defendants is a "supplier" under The Virginia Consumer Protection Act, as they, collectively and/or individually, are "a seller, lessor or licensor who advertise, solicits, or engages in consumer transactions."

35. By the above-described actions, Defendant is in violation of The Virginia Consumer Protection Act for reasons including, but not limited to:

a) Defendants misrepresented that goods or services would provide payment for veterinary services received and provided to the Plaintiff's canine, Maverick for treatment related to his High-Grade Stage V, B-Cell Lymphoma.

b) Defendants engaged in deceptive practice by producing videos that suggested they covered Bone Marrow and Stem Cell procedures in Canines.

c) By the above-described actions, Defendants used fraud, false pretenses, false promises, and/or misrepresentations with these consumer transactions, particularly by ignoring sound veterinary literature and misinterpreting and/or narrowly reading their own contract to wrongfully deny a claim.

36. Plaintiff has suffered damages because of Defendant's violations of the Virginia Consumer Protection Act in an amount to be established by the evidence.

**WHEREFORE** Plaintiff, by Counsel, respectfully requests judgment be entered by this Honorable Court pursuant to the causes of action pled herein against Defendant and for any argument made at trial in the sum of $156,436.29. with interest at the judgment rate from the date of filing until paid, plus punitive damages, which are treble damages under the Virginia Consumer Protection Act, and all related costs and attorney fees in an amount established by the proofs. Plaintiff also requests any additional relief be granted that this Honorable Court deems just and appropriate.

Respectfully Submitted
WILLIAM HAMPTON
*By Counsel*

**CARLUZZO, ROCHKIND & SMITH, P.C.**

Jonathan S. Rochkind, Esq.
VSB 30341
Judiciary Place
9300 West Courthouse Road, Suite 301
Manassas, Virginia 20110
(703) 361-0776
*jsr@crslegal.net*