IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WILLIAM HAMPTON,

Plaintiff,

v. Case No. 1:26-cv-00756

PETS BEST INSURANCE SERVICES, LLC; AMERICAN PET INSURANCE CO.

Defendants.

**ANSWER**

Defendant Pets Best Insurance Services, LLC ("Pets") and American Pet Insurance Co. ("APIC") (collectively, "Defendants"), by counsel, hereby file their Answer to the Complaint, and state as follows:

1. Defendants admit that Plaintiff is a resident of Arlington County, Virginia.

2. Defendants admit that Pets is an active limited liability company authorized to conduct business in Virginia. Defendants deny that Pets is a resident of Virginia.

3. Defendants admit that APIC is an active corporation authorized to conduct business in Virginia. Defendants deny that APIC is a resident of Virginia.

4. Defendants admit that APIC issued Policies number 114766925 to Plaintiff for the period from July 12, 2023 through July 12, 2024, which was renewed annually through July 12, 2026 (the "Policies"). The terms and provisions of the Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 4 of the Complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5 of the Complaint and therefore deny the same.

6. Defendants admit that Pets serves as the third-party administrator for the Policies that was issued by APIC. The terms and provisions of the Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit that venue is proper in this Court. Defendants deny the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Defendants admit that this Court has subject matter jurisdiction over the dispute between the parties. Defendants deny the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Complaint and therefore deny the same.

10. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint and therefore deny the same.

11. Defendants admit that veterinary care was provided to Maverick beginning in May 2025. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 11 of the Complaint and therefore deny the same.

12. Defendants admit that Plaintiff submitted invoices for payment under the Policies for veterinary care provided to Maverick. The invoices speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 12 of the Complaint.

13. Defendants admit that, by letter dated July 3, 2025, coverage was denied for claim number 9888519. The July 3, 2025 letter speaks for itself. Defendants deny the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants admit that Plaintiff appealed the July 3, 2025 coverage denial. The appeal documentation speaks for itself. Defendants deny the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Defendants admit that Plaintiff appealed the July 3, 2025 coverage denial. The appeal documentation speaks for itself. Defendants deny the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff appealed the July 3, 2025 coverage denial. The appeal documentation speaks for itself. Defendants deny the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Defendants restate their responses to Paragraphs 1-17 above as if fully restated herein.

19. Defendants admit that the Policies are valid, enforceable agreements. The Policies speak for themselves.

20. The Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 20 of the Complaint.

21. The Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 21 of the Complaint.

22. The Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 22 of the Complaint.

23. The Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 23 of the Complaint.

24. The Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 24 of the Complaint.

25. The Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 25 of the Complaint.

26. The Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 26 of the Complaint.

27. The Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 27 of the Complaint.

28. The Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 28 of the Complaint.

29. The Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 29 of the Complaint.

30. The Policies speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 30 of the Complaint.

31. Defendants restate their responses to Paragraphs 1-30 above as if fully restated herein.

32. Defendants deny the allegations set forth in Paragraph 32.

33. Defendants deny the allegations set forth in Paragraph 33.

34. Defendants deny the allegations set forth in Paragraph 34.

35. Defendants deny the allegations set forth in Paragraph 35.

36. Defendants deny the allegations set forth in Paragraph 36.

37. Defendants deny any allegations not expressly stated herein.

38. Defendants deny that Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph of the Complaint.

**Affirmative Defenses**

39. The Complaint fails to state a claim upon which relief can be granted.

40. Coverage for the veterinary services alleged in the Complaint is excluded under the Policies by Alternative and Holistic Treatments exclusion, which is defined to include "stem cell."

March 19, 2026

**PETS BEST INSURANCE SERVICES, LLC and AMERICAN PET INSURANCE CO.**
By Counsel

/s/ *Thomas S. Garrett*

Thomas S. Garrett (VSB No. 73790)
Harman Claytor Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
tgarrett@hccw.com

**C E R T I F I C A T E**

I hereby certify that on the 19th day of March, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, and further that that I have emailed and sent by regular mail via United States Postal Service the foregoing to the following:

Jonathan S Rochkind (VSB No. 30341)
Carluzzo, Rochkind & Smith, P.C.
9300 West Courthouse Road, Suite 301
Manassas, VA 20110
703-361-0776 – Phone
703-361-9531 - Fax
jsr@crslegal.net

/s/ *Thomas S. Garrett*

Thomas S. Garrett (VSB No. 73790)
Counsel for Great American Insurance Company
Harman Claytor Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
tgarrett@hccw.com